■ BARBARA KOZ, Appellant, v GABRIEL KOZ, Respondent. — Order of the Supreme Court, New York County (George Bundy Smith, J.), entered August 11, 1982, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of disallowing the discretionary costs granted to

defendant in the sums of $175 and $2,741 and, except as so modified, affirmed, without costs. Judgment of the Supreme Court, New York County (George Bundy Smith, J.), entered on April 8, 1982 is affirmed, without costs. Plaintiff brought this action for divorce, allegedly on the basis of cruel and inhuman conduct and for custody of Jamie, the 12-year-old child of the marriage. The trial court found that plaintiff failed to establish cruel and inhuman treatment and denied the divorce to plaintiff. On this record we cannot quarrel with his conclusion. While the basis for the award of custody to the father is bottomed upon grounds slightly less firm, the Trial Judge had the opportunity to observe the parties over a number of weeks and to interview the obviously troubled child. His conclusion "that the relationships and contacts between parent and child will be smoother if the defendant is given sole custody of Jamie Koz [rather] than if sole custody is given to the plaintiff or joint custody is given to both" finds substantial support in the voluminous record. By consequence we are not inclined to interfere with it. There is, however, one matter on which we do take issue with the trial court. Application was made by defendant after the trial for a substantial award of discretionary costs. Of the items sought the trial court allowed $175 for the subpoenaing of two witnesses and $2,741 for the transcription of a deposition. We think that this constituted an abuse of discretion. Money was never in issue between the parties. Each was in a position to bear her or his own share of the costs of the lawsuit without any discomfort. In these circumstances, the assessment of discretionary costs against plaintiff in a matrimonial matter smacks more of punishment than it does of recompense for necessary expenditures. Concur — Murphy, P. J., Kupferman, Silverman, Bloom and Alexander, JJ.